IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
*Jackson Division*



| | |
|---|---|
| **Daphne L. Bates** | **Plaintiff** |
| vs. | Cause No.: 3:12cv834 CWR-LRA |
| *Mark Shepherd*, individually and in his official capacity as Sheriff of Pike County Sheriff Department; *Chris Taylor McMinn*, individually and in his official capacity as Pike County Deputy Sheriff of Pike County Sheriff Department; *Mayo Brown*, individually and in his official capacity as Deputy Sheriff of Pike County Sheriff Department; *Tazwell Bowsky*, individually and in his official capacity as a Member of the Pike County Board of Supervisors; *Faye Hodges*, individually and in her official capacity as a Member of the Pike County Board of Supervisors; *Chuck Lambert*, individually and in his official capacity as a Member of the Pike County Board of Supervisors; *Luke Brewer*, individually and in his official capacity as a Member of the Pike County Board of Supervisors; and *Gary Honea*, individually and in his official capacity as a Member of the Pike County Board of Supervisors | **Defendants** |

**COMPLAINT**
*Jury Trial Requested*

COMES NOW, Plaintiff, Daphne Bates in the above-entitled action, and files this, her Complaint against Defendants, Pike County Sheriff Department, and Pike County Sheriff, Mark Shepherd, Officer Chris Taylor McMinn, Deputy of Pike County Sheriff Department, and Pike County Board of Supervisors, Tazwell Bowsky, Faye Hodges, Chuck Lambert, Luke Brewer, and Gary Honea, individually, and in their official capacities.

**I.**
**INTRODUCTION**

THIS ACTION SEEKS all legal and injunctive remedies for the unlawful acts against the

Plaintiff by public officials and those acting in concert, denying and/or violating the Plaintiff's federal and state statutory rights. Plaintiff seeks relief against the defendants for failure, refusal, and/or neglecting to prevent such deprivation and denial of the Plaintiff's rights as protected by the United States Constitution, Mississippi Constitution and applicable statutory laws.

## II.
## JURISDICTION

Jurisdiction in this action is secured pursuant to 28 U.S.C. §§1343, 2201, and 1331 for this cause of action arising under 42 U.S.C. §1983.

## III.
## VENUE

Venue is the proper in this Court pursuant to 28 U.S.C. §1391(b)(1) and (2) in that Defendants reside in the Southern District of Mississippi, Jackson Division and the events or omissions giving rise to the claim occurred in that same judicial district and State.

## IV.
## PLAINTIFFS

Plaintiff, Daphne L. Bates, is an adult resident citizen of Pike County, Mississippi.

## V.
## DEFENDANTS

The Defendant, Pike County Sheriff Department is a governmental entity as defined in Mississippi Code Annotated Section 11-46-11, et. seq., known as the Mississippi Tort Claims Act. Pike County Sheriff Department is liable for the acts of its employee under the legal theory of respondeat superior.

The Defendant, Sheriff Mark Shepherd, individually, and in his official capacity, was at all times described in this complaint, Sheriff of the Pike County Sheriff Department, Pike County,

Mississippi and may be served with process at 2109 Jesse Hall Road, Magnolia, Mississippi 39652

The Defendant, Chris Taylor McMinn, individually, and in his official capacity, was at all times described in this complaint, a Deputy of Pike County Sheriff Department, Pike County, Mississippi, and may be served with process at 2109 Jesse Hall Road, Magnolia, Mississippi 39652.

The Defendant, Mayo Brown, individually, and in his official capacity, was at all times described in this complaint, a Deputy of Pike County Sheriff Department, Pike County, Mississippi, and may be served with process at 2109 Jesse Hall Road, Magnolia, Mississippi 39652.

The Defendant, Pike County Board of Supervisors, Tazwell Bowsky, Faye Hodges, Chuck Lambert, Luke Brewer, and Gary Honea individually, and in their official capacity as duly elected members of the Pike County Board of Supervisors, may be served with process at 265 South Cherry Street, Magnolia, Mississippi 39652.

## VI.
## FACTS

Ms. Daphne L. Bates is a black female, resident citizen of Pike County, State of Mississippi, and a United States citizen by birth.

On the 29th day of August 2011, Daphne L. Bates stopped by her brother-in-law, Samuel Hall's business, on Highway 51 in McComb, High Tech Auto Repair. Ms. Bates was there with permission to pick up items she had previously left in a vehicle on the premises. She was outside the fence on the private property of the business waiting for her nephew to bring her the key to open the gate.

Officer Chris Taylor McMinn, a Deputy Sheriff with a Pike County Sheriff Department, approached Ms. Bates in a marked sheriff department vehicle, and asked her reason for being at the business.

Officer McMinn demanded to know what items Daphne Bates was there to retrieve. He threatened to arrest Ms. Bates for trespassing when she failed to identify the items. The officer asked Ms. Bates for her name. Ms. Bates did not answer; Officer McMinn became agitated and attacked Ms. Bates.

Without provocation or notice, the officer acted as follows:

(a) Grabbed and twisted Ms. Bates arm and wrist, at which time she dialed 911 on her cell phone,

(b) Kicked her leg from beneath her and slammed her to the ground with her head positioned toward the side street. Ms. Bates spoke to a 911 dispatcher while on the ground and stated that she was being attacked. Ms. Bates feared for her life.

(c) Officer McMinn forced his knee onto the back of Ms. Bates. The 911 dispatcher stopped talking to Ms. Bates and began conversing with Officer McMinn.

(d) Officer McMinn placed one cuff on a wrist of Ms. Bates that was too tight, causing pain, bruising and swelling.

(e) Officer M. Brown of the Pike County Sheriff's Department arrived on the scene and assisted Officer McMinn. After trying unsuccessfully to remove the cell phone from Ms. Bates' hand, Officers McMinn and Brown dragged Ms. Bates a distance of approximately 3-5 feet and positioned her head away from the side street.

(f) Officer McMinn struck Ms. Bates' hand in a very violent manner dislodging the

cell phone she was holding, causing the battery cover to become disengaged.

(g) The second handcuff was applied to Ms. Bates other wrist causing her arms to be fully restrained, causing pain and discomfort.

(h) Ms. Bates was placed in Officer Brown's squad car, at which time she complained of pain from one of the handcuffs being too tight, but no adjustments were made on the cuff by Officer McMinn or Officer Brown in order to relieve the pain.

(i) Ms. Bates was transported to the Sheriff's Department, fingerprinted, photographed and detained until she posted bail.

(j) In addition to injuries already stated, Ms. Bates suffered injuries to her left forearm and upper arm during the attack by Officer McMinn.

(k) Ms. Bates experienced emotional pain and suffering as a result of being detained and confined in a small room without windows at the Pike County Sheriff's Department.

(l) Officer McMinn and Officer Brown failed to provide medical attention for Daphne Bates, even though she complained of her injuries.

On September 18, 2012, the charges against Daphne Bates were dismissed and expunged.

## VII.
## COUNT ONE
### *Use of Excessive Force*

That the plaintiff incorporates, by reference, herein the allegations set forth in the aforesaid paragraphs.

At all times material, Officer McMinn had a duty under the Fourteenth Amendment to the

Constitution of the United States to refrain from the use of excessive force against Daphne Bates while investigating her presence on private property of which Office McMinn suspected Daphne Bates may have been guilty and in taking her into custody.

Notwithstanding that duty, Officer McMinn was then and there guilty of one or more of the following wrongful acts and/or omissions to act, in that he:

    A.    Struck Daphne Bates on her back and arms;

    B.    Picked up Daphne Bates while she was handcuffed, kicked her leg from beneath her, and dropped her onto the pavement; and

    C.    Recklessly used excessive force which caused injury to Daphne Bates.

After the wrongful use of excessive force against Daphne Bates, causing her to sustain psychological and physical injury, Officer McMinn wrongly failed to obtain for Daphne Bates appropriate medical treatment, and instead took her to the Pike County Sheriff Department, where Daphne Bates was detained and remained in custody for an extended period of time.

The failure of Officer McMinn to obtain medical treatment for the plaintiff prior to her detention was a violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States to be free from the excessive use of force and to be free from reckless indifference to her serious medical needs.

As a direct and proximate result of one or more of the said wrongful acts or omissions to act of Officer McMinn, Daphne Bates suffered serious and permanent injury to her person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

Pike County Board of Supervisors and Pike County Sheriff Department failed to adequately train Officer McMinn in proper arrest and detention procedures so as to insure that

Officer McMinn did not violate the rights of a citizen to be free from the excessive use of force under the Fourth and Fourteenth Amendments to the Constitution of the United States, and failed to adequately supervise Officer McMinn in order to insure that he did not violate the rights of a citizen to receive adequate medical attention when needed.

WHEREFORE, Daphne Bates demands judgment against Defendants, and each of them, for their wrongful violations of her rights to be free from the excessive use of force under the Fourth and Fourteenth Amendments to the Constitution of the United States, actual damages for compensatory damages and punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus attorney fees and costs, as provided in 42 U.S.C.A. §1988.

## VIII.
## COUNT TWO
### *Reckless Indifference to Plaintiff's Serious Medical Needs*

Daphne Bates re-alleges the allegations of the aforesaid paragraphs of Count One as the allegations of this Count Two, as if fully set forth.

WHEREFORE, Ms. Bates demands judgment against Defendants, and each of them, for their violation of Ms. Bates' rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, actual damages for compensatory damages and punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus Ms. Bates attorney fees and costs as provided in 42 U.S.C.A §1988.

## IX.
## COUNT THREE
### *Monetary Claim against Pike County Board of Supervisors*

Daphne Bates here re-alleges the allegation of the aforesaid paragraphs as the allegations

of this Count Three, as if fully set forth.

Pike County Board of Supervisors is the controlling board for the County of Pike, State of Mississippi, and in its capacity has the duty to protect its citizens against such violence herein.

Pike County Board of Supervisors has established policies and procedures for Pike County Sheriff Department regarding the use of force, and regarding the provision of medical service to prisoners and detainees.

In establishing these procedures, Pike County Board of Supervisors had a duty under the Fourth and Fourteenth Amendments to the Constitution of the United States to refrain from enforcing or continuing in effect policies and procedures that created a substantial likelihood that prisoners or detainees would be subject to the use of excessive force by Pike County Sheriff Department officers, or policies and procedures which created a substantial likelihood that the serious medical needs of prisoners and detainees would be treated with reckless indifference by its agents, servants and employees employed by Pike County Sheriff Department.

Notwithstanding its aforementioned duties, Pike County Board of Supervisors was guilty of one or more of the following wrongful acts or omissions to act in violation of Ms. Bates' Constitutional rights, in that it:

    **A.**    Allowed policies and procedures to continue in force and effect which resulted in the use of outrageous and excessive force against Ms. Bates,

    **B.**    Has a custom and practice of failing to independently and adequately investigate complaints of excessive force,

    **C.**    Had a custom and practice of failing to effectively discipline or retrain police officers, who wrongfully utilized excessive force,

**D.** Failed to establish appropriate policies and procedures to address and correct the repeated use of excessive force by police officers.

**E.** Allowed the continuance in force and effect of policies and procedures which failed to protect detainees who had sustained injury from the reckless indifference of Pike County Board of Supervisors' agents, servants and employees in the Pike County Sheriff Department to their serious medical needs.

As a direct and proximate result of one or more of the foregoing wrongful acts or omissions to act to Pike County Board of Supervisors, Daphne Bates sustained a violation of her rights under the Fourth and Fourteenth Amendments to the Constitution of the United States, serious and permanent injury to her person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

WHEREFORE, Daphne Bates requests judgment against Pike County Board of Supervisors for actual damages, for compensatory damages, plus attorney fees and costs as provided in 42 U.S.C.A. §1988.

## X.
## COUNT FOUR
*State Law Claim for Common Law Battery*

Plaintiff re-alleges the allegations of the aforesaid paragraphs of this Complaint as the allegations of this Count Four, as if fully set forth.

At all times material, Office McMinn was on duty as a uniformed Pike County Sheriff Department officer and was acting in the scope of his employment by Pike County Board of Supervisors as an officer for the County of Pike County.

Officer McMinn's actions as described herein constitute a battery under the common law of

Mississippi.

Said acts of Officer McMinn were done without cause or provocation by Plaintiff, and with intent to cause injury to Daphne Bates.

As a direct and proximate result of Office McMinn's actions as described herein, Daphne Bates suffered severe and permanent injury to her person, pain, suffering, disability, loss of income, mental anguish, humiliation, and other diverse injuries.

WHEREFORE, Daphne Bates demands judgment against Officer McMinn and the County of Pike County, and each of them, to be determined at trial.

## XI.
## COUNT FIVE
### *Claim for Gross Negligence or Willful and Wanton Misconduct*

Daphne Bates re-alleges the allegations of the aforesaid paragraphs of this Complaint as the allegations of this Count Five, as if fully set forth.

At all times material, Officer McMinn, individually and as an agent, servant, and employee of Pike County Sheriff Department, had a duty to refrain from causing injury to Daphne Bates through gross negligence or willful and wanton misconduct.

In breach of his duty to refrain from causing injury to the Plaintiff through his gross negligence or willful and wanton misconduct, Officer McMinn, as an agent, servant and employee of Pike County Sheriff Department, was guilty of one or more of the following grossly negligent and/or willful and wanton acts or omissions to act, in that Office McMinn:

    A.    Willfully and wantonly or with gross negligence struck Daphne Bates in the back and arms, while Officer McMinn knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Daphne Bates;

B.  Willfully and wantonly or with gross negligence picked up Daphne Bates, kicked her legs from beneath her, and dropped her onto the pavement while Officer McMinn knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Daphne Bates;

C.  Willfully and wantonly or with gross negligence used excessive force in order to cause Daphne Bates injury while Officer McMinn knew, or should have known, that such conduct posed an unreasonable risk of causing serious injury to Daphne Bates; and

D.  Willfully and wantonly or with gross negligence or recklessly detained Daphne Bates without having her examined and treated by a physician for the serious injuries sustained by Daphne Bates as a result of the amount of force used in her arrest by Officer McMinn, while Officer McMinn knew, or should have known, that use of such a degree of force posed and unreasonable risk of causing serious injury to Daphne Bates.

As a direct and proximate result of one or more of Officer McMinn's wrongful actions or omissions to act, Daphne Bates sustained severe and permanent injury to her person, pain, suffering, disability, loss of income, mental anguish, humiliation and other diverse injuries.

WHEREFORE, Daphne Bates demands judgment against Defendants, and each of them, in the amount of $395,000.00 as and for compensatory damages, punitive damages in an amount sufficient to deter such wrongful conduct in the future, plus Daphne Bates' attorney fees and costs as provided in 42 U.S.C.A §1988.

## XII.
### *Prayer for Relief*

**WHEREFORE,** Daphne L. Bates respectfully prays that this Court will enter judgment

for her as follows:

### A.

Granting Daphne Bates a judgment preventing defendants, its agents, employees and those acting in concert with the defendants, from maintaining a policy of unconstitutional acts against Daphne Bates, preventing her from conducting legal activities without interference and from maintaining or continuing their policy or practice of unconstitutional acts against Daphne Bates.

### B.

Granting Daphne Bates a judgment finding that the acts, policies and practices of the defendants complained of herein violate the Fourth and Fourteenth Amendments of the United States Constitution.

### C.

Granting Daphne Bates a judgment preventing defendants, its agents, employees and those acting in concert with them from denying Daphne Bates the right to the full and equal enjoyment of the rights of citizenship.

### D.

Granting Daphne Bates judgment against defendants for compensatory damages.

### E.

Granting Daphne Bates judgment against defendants for punitive or exemplary damages.

### F.

Finding that the defendants, and its officials including, administrative officials have violated plaintiff's constitutional rights to due process and equal protection pursuant to the Fourth and Fourteenth Amendments by:

1. Failing to properly train, supervise and discipline its employees and agents.

2. Failing to intervene on behalf of persons who have been wrongfully detained.

### G.

Finding that the defendants have violated state law by failing to have its employees and agents properly trained to carry out their duties without the use of excessive force.

### H.

Finding that defendants have committed tortuous acts of false imprisonment, and malicious prosecution against the Daphne Bates in violation of state law.

### I.

Issue a judgment against the defendants preventing defendants from further actions until this matter has been properly investigated and resolved by this Court.

### J.

Awarding Daphne Bates costs herein.

### K.

Granting Daphne Bates such further, additional and different relief as the court may deem just and proper.

## XIII.

### *Attorney Fees*

Daphne Bates further requests attorney fees pursuant to 42 U.S.C. § 1988, and any such additional relief provided by this court to which plaintiff may be entitled.

This, the \_\_9\_\_ day of December, 2012.

Respectfully submitted,

_/s/ Daphne Bates_
Daphne L. Bates, Plaintiff

_/s/ Charles E. Miller_
Charles E. Miller, MSB# 8330
Miller & Miller
Attorneys at Law
Post Office Box 1303
116 Fifth Avenue (39648)
McComb, Mississippi   39649
Telephone:  (601) 240-0017
Facsimile:  (601)249-0598
charlesemiller@millerlawyers.com

State of Mississippi
County of Pike

    **Personally appeared before me,** the undersigned authority in and for the jurisdiction aforesaid, the named **Daphne L. Bates**, who after being by me first duly sworn, stated on oath that the facts and matters contained in the above and foregoing *Complaint* is true and correct as therein stated and alleged.

_/s/ Daphne Bates_
Daphne L. Bates

**Sworn to and subscribed before me**, this the \_\_9\_\_ day of December, 2012.

_/s/ Notary_
Notary Public

My commission expires:



STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 101428
ADRIANA M. HAWKINS
Commission Expires
Feb. 16, 2016
PIKE COUNTY